UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EMERALD INVESTORS TRUST,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GAUNT PARSIPPANY PARTNERS, 119 CHERRY HILL ASSOCIATES, L.L.C., 99 CHERRY HILL ASSOCIATES L.P., HORSEHEADS COMMERCIAL DEVELOPMENT PARTNERS, L.P., RECKSON OPERATING PARTNERSHIP, L.P., JOHN DOES 1 THROUGH 10,**<br><br>**Defendants.** | **MASTER FILE: 02-CV-1939 (WJM)**<br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

Kenneth L. Leiby, Jr.
Shackleton & Hazeltine
159 Millburn Avenue
Millburn, NJ 07041-1849

(*Counsel for Plaintiff*)

Michael Alan Spero
Sterns & Weinroth, PC
50 West State Street
Suite 1400
PO Box 1298
Trenton, NJ 08607-1298

Philip R. Sellinger
Greenberg Traurig, LLP
200 Park Avenue
PO Box 677
Florham Park, NJ 07932-0677

Paul John Casteleiro
200 Washington Street

Suite 500 Hoboken, NJ 07030

Jeffrey D. Marks
415 Clifton Avenue
P.O. Box 2665
Clifton, NJ 07011

Lane T. Maxson
Hamburger Maxson
225 Broadhollow Road
Suite 301E
Melville, NY 11747

(*Counsel for Defendants*)

**WILLIAM J. MARTINI, U.S.D.J.:**

On remand from the Third Circuit, Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction. Defendants argue that under the Third Circuit's newly promulgated rules for determining the citizenship of a trust, the Plaintiff is a citizen of the same state as an indispensable Defendant and thus the Court lacks diversity jurisdiction. The Court agrees. Accordingly, Defendants' motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.      FACTS AND PROCEEDINGS**

This is essentially an action to recover on two notes and to foreclose on two mortgages securing those notes. Emerald Investors Trust ("Emerald"), the mortgages' current holder, has sued three groups of parties: (1) Gaunt Parsippany Partners ("GPP") and 99 Cherry Hill Associates, L.P. ("99 CHA"), the original mortgagors, (2) 119 Cherry Hill Associates, L.L.C. ("119 CHA") and Horeseheads Commercial Development

Partners, L.P. ("Horseheads"), the original mortgagors' successors and thus new mortgagors, and (3) Reckson Operating Partnership, L.P. ("Reckson"), the owner of the properties subject to the mortgages.[1]  Emerald Investors Trust v. Gaunt Parsippany Partners, No. 02-1939, 2005 WL 1705779, at *1–4 (D.N.J. July 21, 2005).  Emerald sought to recover on notes that it holds from 119 CHA and Horseheads and to foreclose on the properties securing those notes, which as of the filing of the suit were owned by Reckson.  Id. at *2–4.

After a bench trial, the Court entered judgment in Emerald's favor.  Id. at *15.  Specifically, the Court entered a judgment on Emerald's claim to recover $583,333.33 on each of the notes it held.  Id.  The Court also entered a judgment of foreclosure in Emerald's favor.  Id.

The parties appealed.  See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007).  The sole issue decided on appeal was whether this Court had diversity jurisdiction.  Id. at 193–94.  This Court had previously determined that it did have diversity jurisdiction, reasoning that Emerald's citizenship was diverse from any Defendant's.  Id. at 196.  In reaching this conclusion, the Court assumed that the citizenship of a trust—such as Emerald—was determined only by the citizenship of its

---

[1] During the relevant time period, GPP merged into 119 CHA and 99 CHA merged into Horseheads.  Emerald Investors Trust, 2005 WL 1705779, at *2 n.2.  As a result, the only remaining parties were 119 CHA and Horseheads, and these were for all intents and purposes the mortgagors at the time of suit.  See id.

3

beneficiaries.  Id.  The Third Circuit reversed and held that the citizenship of a trust is that of both its beneficiaries and its trustees.  Id. at 205, 208.  The Third Circuit, however, could not on appeal determine the citizenship of Emerald's trustees, so the court remanded the case back to this Court for discovery on that issue and a redetermination of diversity jurisdiction based on the resulting findings.  Id. at 208.

Discovery on that issue is now complete, and Defendants now move to dismiss this case for lack of diversity jurisdiction.  (Defs.' Br. in Supp. of Mot. to Dismiss Compl.)  Defendants argue that the parties are nondiverse because at the time Emerald filed the complaint, both Defendant Reckson and Plaintiff Emerald were citizens of Florida.  (Mot. 6.)  Defendants reason, as per the Third Circuit's holding on appeal, that Emerald's trustee, Michael Houllis, is a citizen of Florida and thus that Emerald is a citizen of Florida as well.  (Mot. 6.)  As the Opinion will now explain, the Court agrees.

**II.     DISCUSSION**

District courts may only adjudicate cases over which they have subject-matter jurisdiction.  Brown v. Fancis, 75 F.3d 860,  (3d Cir. 1996).  Indeed, even after a court has proceeded completely through a case to a final judgment, if the court lacked subject-matter jurisdiction, the judgment must be vacated.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 76–77 (1996) ("[I]f, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated.").  Simply put, subject-matter jurisdiction is the sine qua non of adjudication.

One type of subject-matter jurisdiction—and the only type alleged here—is diversity jurisdiction. Federal courts have diversity jurisdiction over a case only if there is "complete diversity" among the parties. In re LifeUSA Holding Inc., 242 F.3d 136, 142 (3d Cir. 2001). Complete diversity exists where the citizenship of every plaintiff is different from that of any defendant. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Defined alternatively in the negative, complete diversity is absent if any plaintiff and any defendant are citizens of the same state. See id.

Because the citizenship of a party or other facts bearing on diversity may change throughout trial, courts have developed a clear rule for ascertaining diversity jurisdiction. That rule, called the "time-of-filing" rule, provides that a court has diversity jurisdiction only if the parties are completely diverse at the time of filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824))). The purpose of the rule is merely to provide a clear and easily accessible answer to the question of whether complete diversity exists. Id. at 580 ("The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful.").

Here, as measured from the time of filing, the parties were undisputedly not diverse. Reckson, a partnership, was a citizen of Florida since one of its partners,

5

Michael Stillman, lived in and was thus a citizen of Florida.  See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (holding that partnerships are citizens of the states of which their partners are citizens); Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008) (holding that for individual parties, citizenship is synonymous with domicile).  (Cert. of Michael Stillman ¶¶ 1, 2.)  And Emerald, a trust, was also a citizen of Florida since its trustee, Michael Houllis, lived in and was thus a citizen of Florida.  See Emerald Investors Trust, 492 F.3d at 205; Frett-Smith, 511 F.3d at 400.  (Decl. of Michael A. Houllis ¶¶ 1, 3.)  Indeed, Emerald even admits that at the time of filing it and Reckson were both citizens of Florida.  (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 3.)  Accordingly, at the time of filing, the Court lacked subject-matter jurisdiction.

Because the Court lacked subject-matter jurisdiction at filing, the Court will dismiss the action in its entirety unless Emerald can proffer some applicable exception to the time-of-filing rule.  Emerald indeed does proffer such an exception.  However, the Court finds this exception inapplicable, as the Opinion will now explain.

The exception to the time-of-filing rule that Emerald proffers regards the Court's limited ability to dismiss certain defendants who would otherwise destroy diversity.  District courts may dismiss a nondiverse defendant to preserve diversity—but only if that defendant is not indispensable to the litigation.  Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1069 (3d Cir. 1979).  Whether a party is indispensable for this analysis is determined by Federal Rule of Civil Procedure 19(a)(1),which sets forth

6

criteria for determining when a party must be joined in litigation:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Emerald claims that Reckson is not indispensable and thus that the Court may dismiss Reckson to preserve its diversity jurisdiction.

The Court, however, disagrees and holds that Reckson was an indispensable party. As mentioned above, a party is indispensable to a case if they have an interest in the case and are situated such that disposition of the action in their absence may as a practical matter impair their ability to protect that interest. Fed. R. Civ. P. 19(a)(1). Here, proceeding with this case in Reckson's absence would have impaired its ability to protect its interest in its property. As explained above, Reckson was the owner of the property securing Emerald's notes. Emerald sought in this action to foreclose on Reckson's property, which clearly had the potential to impair—if not extinguish—Reckson's interest in it. Cf. Hoheb v. Muriel, 753 F.2d 24, 26–27 (3d Cir. 1985) (holding that mortgagees are indispensable where the action threatens the value of their security). Accordingly, Reckson was an indispensable party to this litigation, so the Court may not dismiss Reckson to preserve diversity jurisdiction.

Emerald puts forth three arguments to support the conclusion that Reckson is dispensable and thus that the Court may dismiss Reckson to preserve diversity jurisdiction. The Court finds them unpersuasive.

First, Emerald argues that Reckson may become dispensable if Emerald amends its complaint to seek only damages from the other Defendants and to forgo its foreclosure action on Reckson's property. (Opp'n 6.) Emerald reasons that in this event, Reckson would have no interest in the litigation and would thus be dispensable. (Opp'n 6.)

But it is unclear whether Emerald can seek relief besides foreclosure, so the Court cannot hold that Reckson has no interest in this litigation. The problem is that the note Emerald holds is a nonrecourse loan. (Defs.' Br. in Opp'n to Pl.'s Cross-Mot. Ex. A.) It provides that Emerald "shall have no recourse . . . against [Defendants] except to foreclose the Mortgages . . . and shall have no other remedy in the event of a default." (Defs.' Opp'n Ex. A.) Such a nonrecourse provision allows Emerald to look only to the property securing the notes—Reckson's property—in the event that the other Defendants default on the note. See Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 438 n.3 (1999). Thus it appears that Emerald can look only to the property securing the note for relief—Reckson's property—and as explained above this makes Reckson indispensable to the litigation.

Second, Emerald argues that it is no longer bound by the nonrecourse provisions of the notes. (Opp'n 9.) Emerald reasons that Defendants materially breached the notes by

8

failing to make payments due thereunder and that this entitles Emerald to cancel the notes and simply seek resulting damages. (Opp'n 9.)

But this sort of material breach likely does not allow Emerald to avoid the nonrecourse provision. The sole function of the nonrecourse provision was to limit Emerald's remedies in the event that Defendants failed to make payments required by the notes. These are common and enforceable. See, e.g., Bank of Am. Nat'l Trust & Sav. Ass'n, 526 U.S. at 438 n.3 ("A nonrecourse loan requires the Bank to look only to the Debtor's collateral for payment."); Simonson v. Z Cranbury Assocs., 695 A.2d 279, 280-81 (N.J. Super. Ct. App. Div. 1996). These cases imply that a nondefaulting obligee may not avoid a nonrecourse provision by pointing to the obligor's default. Thus, even if Defendants materially breached their obligations under the notes, this likely does not allow Emerald to avoid the non-recourse limitations.

Furthermore, ruling definitively on whether Emerald can legally avoid enforcement of the nonrecourse provision puts the cart before the horse. The Court must first determine that it has subject-matter jurisdiction before it begins to definitively resolve legal issues. Here, the Court must first determine whether Reckson—the diversity-destroying party—is indispensable, that is, whether disposing of the action in Reckson's absence "*may* . . . as a practical matter impair or impede [Reckson's] ability to protect the interest." Fed. R. Civ. P. 19(a)(2) (emphasis added). Given that it appears that Emerald's only remedy here was to foreclose on Reckson's property, Reckson fits

9

this definition. As the Court thus lacks subject-matter jurisdiction, it is not in a position to rule definitively on Emerald's argument that it can legally avoid enforcement of the nonrecourse provision.

Third, Emerald argues that Reckson is dispensable because it is no longer the owner of the property. (Opp'n 5 n.1.) Emerald correctly notes that on or around the date of the Court's initial verdict in this case, Reckson transferred the property to another party. (Decl. of David Frank ¶ 3.) Emerald reasons that if Reckson no longer owns the property, than Reckson no longer has an interest in this litigation and is dispensable. (Opp'n 5 n.1.)

But Emerald's argument rests upon an expansion of the aforementioned exception to the normal rule that diversity is determined at the time of filing. As the Opinion has explained this exception, district courts may dismiss a nondiverse party to preserve diversity—even when diversity was absent at filing—if that nondiverse party was dispensable to the litigation at the time of filing. See Publicker, 603 F.2d at 1069. However, the Court is not aware of any case allowing a court to preserve its diversity jurisdiction by dismissing a diversity-destroying defendant that was indispensable when the case was filed but that became dispensable after the case concluded. Indeed, such a practice seems contrary to the rationale behind the exception to the time-of-filing rule: that dismissal of dispensable parties after filing to preserve diversity jurisdiction is permissible because the parties are at least diverse during trial and judgment. See

10

<u>Dataflux</u>, 541 U.S. at 573 (justifying the exception to the time-of-filing rule on the grounds that a court possesses "complete diversity, and therefore federal subject-matter jurisdiction, at the time of trial and judgment") (quotation omitted).  This language suggests that where a court lacks complete diversity and thus subject-matter jurisdiction throughout trial and judgment, it cannot later cure that deficiency by dismissing nondiverse parties.  Furthermore, the Court is extremely hesitant to qualitatively expand any exception to the time-of-filing rule.  <u>See</u> <u>id.</u> at 574 ("Unless the Court is to manufacture a brand-new exception to the time-of-filing rule, dismissal for lack of subject-matter jurisdiction is the only option available in this case.").  Rather, the Court is mindful of the Supreme Court's recent comment on the importance of the time-of-filing rule: "The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful."  <u>Id.</u> at 580.  Accordingly, the Court declines to simply dismiss Reckson from the case.

### III.     CONCLUSION

The Court lacks subject-matter jurisdiction over this case.  Accordingly, Defendants' motion to dismiss is **GRANTED**, and Emerald's complaint is **DISMISSED WITHOUT PREJUDICE**.  An Order accompanies this Opinion.

<u>s/ William J. Martini     </u><br>
William J. Martini, U.S.D.J.